USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-13-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

        - against -

AMADOU DIALLO,
    a/k/a "Money,"

        **Defendant.**
---------------------------------------------------------X

09 CR 858 (MEA)
**MEMORANDUM OPINION**
**AND ORDER OF FORFEITURE**

**MARVIN E. ASPEN**, United States District Judge:

Presently before us is Defendant Amadou Diallo's opposition to the United States' request for the entry of a forfeiture money judgment in the amount of $18,000. (Dkt. No. 66.) Diallo primarily contends that the applicable statutes simply do not authorize an *in personam* money judgment against him. (Opp'n at 3–7.) For the reasons set forth below, we disagree and enter the forfeiture award.

## BACKGROUND

On April 28, 2010, a jury convicted Diallo of: (1) committing a robbery on December 4, 2007 in violation of 18 U.S.C. § 1951; and (2) conspiring to commit Hobbs Act robberies from approximately October 31, 2007 through December 4, 2007. The parties do not dispute that Diallo's co-conspirator, Ofacio Falcon, testified at trial that the December 4, 2007 robbery involved acquisition of ten or eleven cases of untaxed cigarettes, valued at $1,800 each. (*See* USA Resp. Ltr. at 2.) Based on that testimony, and consistent with the forfeiture allegations of the superseding indictment, the United States seeks a money judgment against Diallo representing the value of the stolen cigarettes, totaling $18,000.

## ANALYSIS

The United States proceeds pursuant to 18 U.S.C. § 981(a)(1), which subjects to civil forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" the Hobbs Act "or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C). (Indict. ¶ 4.) The statute defines "proceeds" as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture" and adds that the "proceeds" are "not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). Section 981 applies here by virtue of 28 U.S.C. § 2461(c), "a 'bridging' provision . . . that links civil forfeitures provisions . . . to criminal proceedings in certain circumstances." *U.S. v. Kalish*, No. 06 CR 656, 2009 WL 130215, at *10 (S.D.N.Y. Jan. 13, 2009) [hereinafter *Kalish I*]; *see* 28 U.S.C. § 2461(c). In addition, § 2461(c) explains that the procedures found in 21 U.S.C. § 853 govern the criminal forfeiture proceeding.

Diallo contends that, although these statutes authorize us to order forfeiture of specific property traceable to his offenses, they do not authorize entry of a money judgment against him. (Opp'n at 3–9.) He argues that Congress could have expressly provided for money judgments under § 981(a)(1)(C) if it intended to do so, as in other statutes. (*Id.* at 5–6.) Diallo emphasizes that neither § 981(a)(1)(C), nor § 2461, mention money judgments at all. (*Id.* at 5–6.) Diallo also argues that a money judgment should not issue under § 981(a)(1)(C) because that statute allows forfeiture of proceeds only if they are traceable to his offense, a requirement not met here. (*Id.* at 7–8.)

The Second Circuit has rejected these arguments, however. Indeed, the Second Circuit recently reiterated that courts may enter *in personam* money judgments in criminal cases

-2-

pursuant to § 2461(c) because of its incorporation of § 853, which implicitly authorizes such judgments. *U.S. v. Capoccia*, No. 08 CR 5843, 2010 WL 4942213, at *1 (2d Cir. Dec. 7, 2010); *U.S. v. Kalish*, No. 08 CR 3374, 2010 WL 4751759, at *2–3 (2d Cir. Nov. 24, 2010) [hereinafter *Kalish II*]; *U.S. v. Awad*, 598 F.3d 76, 78–79 (2d Cir. 2010); *see U.S. v. Roberts*, 696 F. Supp. 2d 263, 269–70 (E.D.N.Y. 2010); *see also U.S. v. Day*, 524 F.3d 1361, 1377–78 (D.C. Cir. 2008) (concluding that "money judgments are appropriate in the criminal forfeiture context" under § 981(a)(1)(C) and § 2461). According to the Second Circuit, there is "no meaningful difference between the propriety of an *in personam* money judgment arising directly under [§ 853] . . . and the propriety of an *in personam* money judgment under [§ 853] by way of" § 2461(c), at issue here.[1] *Kalish II*, 2010 WL 4751759, at *3. The Second Circuit, like other circuit courts, has also held that "§ 853 permits imposition of a money judgment on a defendant who possesses no assets at the time of sentencing." *Awad*, 598 F.3d at 78 (rejecting the contrary interpretation presented in *U.S. v. Surgent*, No. 04 CR 364, 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009)); *see also U.S. v. Padron*, 527 F.3d 1156, 1162–63 (11th Cir. 2008) (affirming a money judgment under § 981(a)(c) and Federal Rule of Criminal Procedure 32.2 because the rules "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). In line with these authorities and the liberal construction given § 853, we may issue a money judgment against Diallo under § 2461(c). *See* 21 U.S.C. § 853(o) ("The provisions of this section shall be liberally construed to effectuate its remedial purpose.").

---

[1] Section 853(a)(1), a drug statute, does not expressly impose a tracing requirement, as does § 981(a)(1)(C). *Compare* 18 U.S.C. § 981(a)(1)(C) (authorizing civil forfeiture of property that "constitutes or is derived from proceeds traceable" to the crime of conviction) *with* 21 U.S.C. § 853(a)(1) (authorizing criminal forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result" of the crime).

Moreover, these authorities undermine Diallo's claim that imposition of an *in personam* money judgment would contravene the civil forfeiture statute's traceability requirement. (Opp'n at 7–8.) Diallo argues that such a judgment, allowing the government to recover funds from him regardless of the source, would eviscerate § 981(a)(1)(C). The defendant in *U.S. v. Capoccia* advanced this very argument, to no avail. *See U.S. v. Capoccia*, No. 03 CR 35 (D. Vt. filed Feb. 2, 2009, Dkt. No. 533) (concluding that money judgment is permissible under § 2461(c)). There, defendant Capoccia asserted "that a money judgment [imposed through § 2461(c)] is inconsistent with the tracing requirement imposed under the civil forfeiture statute." *Id.* at 3. The district court disagreed, pointing out that Capoccia failed to recognize that the government was not seeking simply civil forfeiture under § 981(a)(1)(C), but criminal forfeiture under § 2461. *Id.* The Second Circuit affirmed the district court's conclusion, holding, as in *Kalish II*, that § 2461(c) permits a money judgment for criminal forfeiture. *Capoccia*, 2010 WL 4942213, at *1; *see Roberts*, 696 F. Supp. 2d at 269. The imposition of a money judgment is appropriate because "mandatory forfeiture is concerned not with how much an individual has but with how much he received in connection with the commission of the crime." *Awad*, 598 F.3d at 78 (internal quotation omitted); *see U.S. v. Uddin*, 551 F.3d 176, 181 (2d Cir. 2009) (affirming district court's entry of money judgment forfeiture order in the entire amount of the government's loss, regardless of how much the defendant personally kept).

Here, there is no question that Diallo reaped a benefit from the December 4, 2007 robbery of untaxed cigarettes, valued at $18,000. The cigarettes constitute "proceeds" as defined by § 981, even if Diallo shared them with his co-conspirators. 18 U.S.C. § 981(a)(2)(A). Diallo no longer possesses the cigarettes, nor does he have $18,000 on hand to satisfy the forfeiture

judgment. Under these circumstances, § 853 authorizes imposition of an *in personam* money judgment against Diallo for the full $18,000 value of the cigarettes. *See, e.g., U.S. v. Noorani*, 188 Fed. Appx. 833, 837–38, 2006 WL 1759618, at *3 (11th Cir. 2006) (affirming district court's money judgment, as a forfeiture, in a contraband cigarettes conspiracy, totaling "the wholesale value of the cigarettes"). Any other conclusion would allow Diallo to enjoy the benefits of his crime of conviction without recompense, providing an incentive for other criminals to "rid [themselves] of [their] ill-gotten gains to avoid the forfeiture sanction." *Awad*, 598 F.3d at 78–79 (internal quotation omitted); *see also Day*, 524 F.3d at 1378; *U.S. v. Vampire Nation*, 451 F.3d 189, 202–03 (3d Cir. 2006); *Roberts*, 696 F. Supp. 2d at 270; *Kalish I*, 2009 WL 130215, at *10.

## CONCLUSION

For the reasons set forth above, we hereby order as follows:

1. A forfeiture judgment in the amount of $18,000 shall be entered against Diallo, as part of his criminal sentence, for which he is personally liable as a result of his conviction on Counts One and Three of the superseding indictment.

2. Pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture is final, is deemed part of Diallo's sentence, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3), upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production or the issuance of subpoenas.

4. All payments on the outstanding money judgment shall be made by postal money order,

bank or certified check, made payable to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e).

6. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Kan M. Nawaday, One St. Andrew's Plaza, New York, New York 10007.

IT IS SO ORDERED:

Marvin E. Aspen
United States District Judge

Dated:   Chicago, Illinois
         January 11, 2011